**Opinion issued January 10, 2013**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-12-00429-CR

———————————

**JOSE RODRIGUEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 184th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1339432**

---

## MEMORANDUM OPINION

Appellant, Jose Rodriguez, pleaded guilty to the offense of aggravated sexual assault of a child, pursuant to an agreement with the State regarding punishment and in exchange for the State abandoning the enhancements. The trial court found appellant guilty of the primary offense and, in accordance with the

terms of appellant's plea agreement with the State, sentenced appellant to confinement for 8 years. The trial court certified that this is a plea-bargain case and that appellant does not have the right of appeal. Appellant, proceeding pro se, filed a notice of appeal. We dismiss the appeal.

In a plea-bargain case, a defendant may appeal only those matters that were raised by written motion filed and ruled on before trial, or after getting the trial court's permission to appeal. TEX. R. APP. P. 25.2(a)(2). An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record. TEX. R. APP. P. 25.2(d).

The trial court's certification states that this is a plea bargain case and that appellant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2). The trial court did not rule on any pre-trial motions by appellant, and the trial court did not give permission for appellant to appeal. The record supports the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005). Because appellant has no right of appeal, we must dismiss this appeal. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

Accordingly, we dismiss the appeal for want of jurisdiction. All pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Bland and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b).